OPINION
{¶ 1} This is an appeal from Appellant's adjudication of delinquent on one count of rape and two counts of gross sexual imposition and commitment for a total of eighteen months.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 5, 2003, a complaint was filed charging Appellant Anthony Clark with one count of rape against Ashley Carrell, age 10. (Case No. A2003-676)
 {¶ 4} On November 6, 2003, a second complaint was filed charging Appellant with two counts of rape against Tasha Carrell, age 9, and one count of rape against Jessica Carrell, age 11. (Case No. A2003-941).
 {¶ 5} The charges stem from incidents which occurred on May 9, 2003. On that day, Appellant, who was seventeen at that time, went to visit his girlfriend Amber Carrell, age 14, at her house. Also present at her house were Amber's younger sister Jessica and Amber's cousins Ashley and Tasha.
 {¶ 6} At some point after Appellant arrived at Amber's house, Appellant and the four girls went for a walk to an abandoned house in the woods. (Adj. Hrng. Vol. I at 157).
 {¶ 7} According to the testimony, some of which is conflicting, Appellant engaged in fellatio with Amber, Ashley and Tasha. Tasha testified that she was forced to put Appellant's penis in her mouth. (Adj. Hrng. Vol. I. at 61-62). Tasha further testified that Appellant put his hand inside the front of her pants and put his finger inside of her "private". (Adj. Hrng. Vol. I at 56-58). Additionally, Tasha testified that she saw Ashley "suck" Appellant's penis. (Adj. Hrng. Vol. I. at 63).
 {¶ 8} Ashley testified that she was also made to put Appellant's penis in her mouth. (Adj. Hrng. Vol. II. at 209).
 {¶ 9} Jessica testified that she saw Ashley with Appellant's penis in her mouth. (Adj. Hrng. Vol. I. at 187-188).
 {¶ 10} There was also testimony from Tasha and Jessica that they were made to "pinky promise" that they would not tell anyone what had happened with Appellant that day. (Adj. Hrng. Vol. I. at 57,192).
 {¶ 11} On December 3, 2003, Appellant denied the four counts of for which he was charged.
 {¶ 12} On March 1, 2004 and March 3, 2004, an adjudicatory hearing was held. The trial court heard testimony from Missy Grimmett from Coshocton County Job Family Services, Eric McCort, an investigator with the prosecutor's office, Tasha Carrell, Amber Carrell, Jessica Carrell and Ashley Carrell.
 {¶ 13} Because Tasha Carrell, one of the alleged victims, was only nine years old, a hearing was conducted to determine whether she was competent to testify. Following an examination by the trial judge, the prosecutor and defense counsel, the trial court determined that she was competent to testify.
 {¶ 14} At the conclusion of the adjudicatory hearing, the court dismissed one of the counts of rape, and found Appellant delinquent of one count of rape and delinquent of two counts of gross sexual imposition.
 {¶ 15} On April 13, 2004, a disposition hearing was held wherein the trial court committed Appellant to the Department of Youth Services for a minimum period of one year on the rape offense, and a minimum period of six months on each of the offenses of gross sexual imposition. (Adj. Hrng. Vol. I at 32-34).The commitment for the rape offense and one count of gross sexual imposition were ordered to be served concurrently to each other but consecutive to the other count of gross sexual imposition. Id. Additionally, the commitment was ordered to be served consecutive his current Department of Youth Services commitment. Id.
 {¶ 16} It is from this adjudication and commitment Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED WHEN IT FOUND TASHA CARRELL COMPETENT TO TESTIFY. Evid. R. 601(A); State v. Frazier (1991),61 Ohio St.3d 247, syllabus, 574 N.E.2d 483; Fifth andFourteenth Amendments, United States Constitution; Article I, Section 16, Ohio Constitution. (TIV.p. 41)
 {¶ 18} "II. THE TRIAL COURT VIOLATED ANTHONY CLARK'S RIGHT TO DUE PROCESS WHEN IT ADJUDICATED HIM DELINQUENT OF ONE COUNT OF RAPE AND ONE COUNT OF GROSS IMPOSITION WHEN THOSE FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. Fifth andFourteenth Amendments, United States Constitution; Article I, Section 16, Ohio Constitution. (TV.p. 240-242)."
 I. {¶ 19} In his first assignment of error, Appellant contends the trial court erred in finding that Tasha Carrell was competent to testify. We disagree.
 {¶ 20} Appellant contends that the trial court erred in determining that nine year old Tasha, the alleged victim, was competent to testify because she was not capable of receiving just impressions of fact and did not understand the concept of a lie or the consequences of lying. Evid. R. 601(A) provides:
 {¶ 21} "Every person is competent to be a witness except:
 {¶ 22} "(A) those of unsound mind and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 23} The burden falls on the proponent of the witness to establish that the witness exhibits "certain indicia of competency." State v. Clark (1994), 71 Ohio St.3d 466, 469,644 N.E.2d 331.
 {¶ 24} In State v. Frazier (1991), 61 Ohio St.3d 247, syllabus, the Supreme Court of Ohio set forth five factors that the trial court "must take into consideration" when determining whether a child under the age of ten is competent to testify:
 {¶ 25} "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify,
 {¶ 26} "(2) the child's ability to recollect those impressions or observations,
 {¶ 27} "(3) the child's ability to communicate what was observed,
 {¶ 28} "(4) the child's understanding of truth and falsity, and
 {¶ 29} "(5) the child's appreciation of his or her responsibility to be truthful."
 {¶ 30} These factors "are aimed at protecting the accused by ascertaining that a child witness is trustworthy." State v.Ulch (Apr. 19, 2002), 6th Dist. No. L-00-1355.
 {¶ 31} "A child may be competent to testify even though the child * * * initially does not recognize the concept of truth, so long as the voir dire continues on to demonstrate that the child * * * generally * * * understands the concept of truthfulness."State v. Brooks (Oct. 26, 2001), 2nd Dist. No. 18502, quotingState v. Boyd (Oct. 31, 1997), 2d Dist. No. 97 CA 1.
 {¶ 32} It has been further been held that a deficiency in the hearing on the child's competency can be cured if the child's subsequent testimony at trial demonstrates that the trial court was justified in finding the child competent to testify. SeeState v. Wilson, citing State v. Lewis (1982),4 Ohio App.3d 275, 448 N.E.2d 487.
 {¶ 33} We review a trial court's determination of a witness' competency under an abuse of discretion standard. In demonstrating an abuse of discretion, appellant must show more than error of law or judgment, he must show the trial court's attitude was unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 34} We have reviewed the entire voir dire testimony of Tasha as contained in Vol. I of the adjudicatory hearing transcript on pages 18-41. After our review of this section, we find no abuse of discretion in the trial court's determination Tasha was competent to testify at trial.
 {¶ 35} We find the trial court's voir dire of Tasha indicated that she may have had some problems remembering events in the recent past. However, we agree with the trial court, especially in light of the fact that Tasha's memory was not wholly deficient, that she was able to remember some things and tell what she remembered. We further find that the fact Tasha admitted that she sometimes lied not only demonstrated her candor and her willingness to tell the truth, but demonstrated that she knew the difference between telling the truth and telling a lie. Accordingly, we find no abuse of discretion in the trial court's determination Tasha was competent to testify.
 {¶ 36} Because there was sufficient evidence before the trial court to demonstrate that Tasha had an understanding of the concepts of truth and falsity or that she appreciated her responsibility to be truthful, the trial court did not exceed the scope of its discretion by finding that she was competent to testify. See Frazier, 61 Ohio St.3d at 247, 574 N.E.2d 483, syllabus.
 {¶ 37} Appellant's first assignment of error is overruled.
 II. {¶ 38} In his second assignment of error Appellant argues that his adjudication on the rape charge and one of the gross sexual imposition charges was against the manifest weight of the evidence. We disagree.
 {¶ 39} Appellant asserts the testimony offered at trial is both inconsistent and incredible. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 40} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin
(1983), 20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 41} Appellant's argument implores this Court to substitute our judgment as to the credibility of the witnesses and testimony for the judgment of the trial court, which we will not do. In the case sub judice, the trier of fact was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's adjudication, and the same was not against the manifest weight of the evidence. Upon review of the testimony provided by Tasha, Jessica, Ashley and Amber, there is sufficient, competent evidence to support appellant's adjudication.
 {¶ 42} Appellant's second assignment of error is overruled.
 {¶ 43} The adjudication and disposition of the Licking County Court of Common Pleas, Juvenile Division is affirmed.
Boggins, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Juvenile Division, Licking County, Ohio, is affirmed. Costs assessed to Appellant.